IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
October 1, 2024 Session

## STATE OF TENNESSEE v. CLYDE E. WILLIS

**Appeal from the Circuit Court for Madison County**
**No. 22-690    Kyle C. Atkins, Judge**

_____

### No. W2023-01309-CCA-R3-CD
_____

MATTHEW J. WILSON, J., concurring in part and dissenting in part.

I concur with my colleagues' reasoning and judgment in affirming Defendant's convictions in Counts 2 and 3 for patronizing prostitution from a law enforcement officer posing as a minor and solicitation of a law enforcement officer posing as a minor to commit aggravated statutory rape. I depart, however, from the majority's opinion regarding the sufficiency of the evidence to support Defendant's conviction in Count 1. I dissent on this point alone.

The majority opinion in this case reverses and dismisses Defendant's conviction in Count 1 for trafficking for a commercial sex act from a law enforcement officer posing as a minor. Defendant has challenged the sufficiency of the evidence to support his conviction for this crime and asserts that the trafficking statute under which he was charged – Tennessee Code Annotated section 13-13-309(a)(2) (Supp. 2021) (subsequently amended) – does not apply to the actions he took to procure someone to perform a commercial sex act. The State argues that Defendant's conduct falls within the statute because he "purchase[d] . . . another person for the purpose of providing a commercial sex act." The majority agrees with Defendant's interpretation.

Although Defendant and the majority's opinion narrows in on whether Defendant "purchase[d]" the victim within the meaning of the trafficking statute, Defendant was indicted more broadly as committing the crime of trafficking under the language of Tennessee Code Annotated section 13-13-309(a)(2). Specifically, Count 1 of the indictment reads as follows, in that Defendant:

> on or about August 27, 2021, in Madison County, Tennessee, and
> before the finding of this indictment, did unlawfully and intentionally
> or knowingly induce, recruit, entice, harbor, transport, provide,
> purchase, or obtain by any other means, another person for the

purpose of providing a commercial sex act, when the intended victim of the offense was a law enforcement officer eighteen (18) years of age or older posing as a minor, in violation of Tennessee Code Annotated §39-13-309(a)(3), all of which is against the peace and dignity of the State of Tennessee.

Similarly, the trial court's instructions to the jury on the law in this case included all activity enumerated in Code section 13-13-309(a)(2):

> For you to find the defendant guilty of [trafficking for a commercial sex act] the State must have proven beyond a reasonable doubt the existence of the following essential elements:
>
> (1) That the defendant recruited, enticed, harbored, transported, provided, purchased, or obtained by any other means another person for the purposes of providing a commercial sex act when the intended victim of the offense was a law enforcement officer or a law enforcement officer 18 years of age or older posing as a minor; and,
>
> (2) That the defendant acted knowingly.

The jury in this case found beyond a reasonable doubt that Defendant's actions constituted a violation of Code section 13-13-309(a)(2). Juries, under the direction of courts, have the right under the Tennessee Constitution to determine the law and the facts of a criminal case. *See* Tenn. Const. art. 1, § 19. As such, a jury is not bound by the State's theory of the case but may consider all of the facts and the law as the trial court instructs them. *See State v. Flynn*, No. W2015-01648-CCA-R3-CD, 2017 WL 1861784, at *25 (Tenn. Crim. App. May 5, 2017) (citing *State v. Richmond*, 90 S.W.3d, 648, 660 (Tenn. 2002)). Additionally, according to the standard set forth in *State v. Vasques*, 221 S.W.3d 514, 521 (Tenn. 2007), the State is afforded the "strongest legitimate view of the evidence and all reasonable inferences." In our deferential view of the jury's verdict, I would likewise conclude that Defendant's actions could reasonably be interpreted as falling within the statutory language outlined above. As such, I must, respectfully, dissent.

s/ Matthew J. Wilson
MATTHEW J. WILSON, JUDGE

- 2 -